## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **MUDASIRU BABALOLA** | § | |
| | § | |
| **v.** | § | **NO. 4:23-CV-00669-BD** |
| | § | |
| **EAN HOLDINGS, LLC,** *et al.* | § | |

### MEMORANDUM OPINION AND ORDER

In this car-accident case, Mudasiru Babalola sued David Johnson; EAN Holdings, LLC; EAN Services, LLC; Enterprise FM Trust; and Enterprise Holdings, Inc., for negligence and negligent entrustment. Dkt. 32 (operative complaint). The court questioned its jurisdiction sua sponte and ordered additional briefing on the parties' citizenships and the amount in controversy. Dkts. 42, 44; *see* Dkts. 43 (amended notice of removal), 45 (Babalola's supplemental brief), 46 (defendants' supplemental brief). The court will remand the case.

### BACKGROUND

According to Babalola's operative complaint, Johnson, while driving a rental car owned by EAN Holdings, rear-ended Babalola's vehicle. Babalola sued in Texas state court. Dkt. 5. The other defendants removed the case on the basis of diversity jurisdiction before Johnson had been served. Dkt. 1. Babalola served someone named David Johnson but later determined that he had served the wrong person. Dkts. 26 (Johnson's answer), 33 (Babalola's status update). The court dismissed that Johnson and ordered Babalola to serve the correct defendant. Dkt. 38. The correct David Johnson has never been served. The other defendants filed two motions to dismiss. Dkts. 20, 25.

### LAW

### I.  Federal-Court Jurisdiction and 28 U.S.C. § 1332(a)

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that

a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). For that reason, the party who removes a state-court case to federal court "bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

When deciding whether that burden was satisfied, the court generally "consider[s] the claims in the state court petition as they existed at the time of removal." *Id. But see Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 25, 30 (2025) (in considering whether supplemental jurisdiction over state-law claims existed after the plaintiff filed a post-removal amended complaint that "delete[d] all the federal-law claims, leaving nothing but state-law claims behind," stating that "[w]hen a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says"). The court must resolve any contested fact issues or ambiguities in state law in favor of remand. *Palmquist v. Hain Celestial Grp., Inc.*, 103 F.4th 294, 301, 304 (5th Cir. 2024). And "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

28 U.S.C. § 1332(a) invests federal courts with subject-matter jurisdiction over cases involving disputes between citizens of different States and amounts in controversy that exceed $75,000, excluding interest and costs. If it cannot be shown that the amount in controversy exceeds $75,000, a court need not consider the parties' citizenships.

## II. Determining the Amount in Controversy for Purposes of § 1332(a)

"The amount in controversy is not proof of the amount the plaintiff will recover but an estimate of the amount that will be put at issue in the course of the litigation." *Durbois v. Deutsche Bank Nat'l Tr. Co.*, 37 F.4th 1053, 1057 (5th Cir. 2022) (quotation marks omitted). "Section 1332 does not provide . . . guidance on how to determine the amount in controversy." *Id.* at 1056. But § 1446, which establishes the "[p]rocedure for removal of civil actions," does. When the amount in controversy for purposes of § 1332(a) is uncertain or disputed, courts look to § 1446(c)(2) to determine whether federal jurisdiction exists. The Supreme Court has considered that relatively

2

new provision only once, in *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81 (2014), and the Fifth Circuit has addressed it in just two precedential opinions.

### A. 28 U.S.C. § 1446(c)(2)

Section 1446(c)(2) is part of a provision that states the "[r]equirements" for "removal based on diversity of citizenship." It was added by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758, 760 (2011), and provides:

> If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>
> **(A)** the notice of removal may assert the amount in controversy if the initial pleading seeks—
>
> > **(i)** nonmonetary relief; or
> >
> > **(ii)** a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>
> **(B)** removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

The provision has some twists and turns that merit careful navigation.

As reflected by the language that appears before the phrase "except that," the "general rule" of § 1446(c)(2) is that "'the sum demanded in good faith in the initial pleading' is 'the amount in controversy.'" *Durbois*, 37 F.4th at 1056 (quoting the statute); *see also Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 314 (5th Cir. 2022) (citing a case decided before the advent of section 1446(c)(2) for the that proposition that, "[i]f the plaintiff's state court petition specifies a dollar amount of damages, that amount controls if made in good faith"). That much is easy.

But then, in subparagraphs (A) and (B), Congress crafted an exception to the general rule. Those subparagraphs are a bit more complicated.

Subparagraph (A) identifies three independent conditions that will allow "the notice of removal," instead of "the initial pleading," to "assert the amount in controversy." 28 U.S.C.

§ 1446(c)(2). Subprovision (A)(i) identifies the first condition: when "the initial pleading seeks . . . nonmonetary relief." Subprovision (A)(ii) then identifies the two conditions that may arise when "the initial pleading seeks . . . a money judgment": the applicable "State practice either [I] does not permit demand for a specific sum or [II] permits recovery of damages in excess of the amount demanded" (bracketed Roman numerals added to identify subprovision (A)(ii)'s two independent conditions).

If at least one subparagraph (A) condition is satisfied, subparagraph (B) comes into play. That provision assigns the court a task: determining whether it can be shown, "by the preponderance of the evidence, that the amount in controversy exceeds" $75,000, excluding interest and costs. *Id*. § 1446(c)(2)(B); *see id*. § 1332(a). If so, "removal of the action is proper." *Id*. § 1446(c)(2)(B).

## B.  Proving the amount in controversy under 28 U.S.C. § 1446(c)(2)(B), *Dart*, and Fifth Circuit precedent

What if there is no evidence for the court to weigh under subparagraph (B)? The Supreme Court addressed that scenario in *Dart*, a case involving an initial state-court pleading that did not contain a specific "sum demanded," 28 U.S.C. § 1446(c)(2); *see Dart*, 574 U.S. at 84; No. 5:12-CV-04157 (D. Kan.), Dkt. 1-1 at 10, and therefore called section 1446(c)(2)(B) into service.

In *Dart*, the Court considered and resolved a single question: "To assert the amount in controversy adequately in the removal notice, does it suffice to allege the requisite amount plausibly, or must the defendant incorporate into the notice of removal evidence supporting the allegation?" 574 U.S. at 84. The Court held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and that "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 89.

In reaching that conclusion, the Court noted that § 1446(a)'s statement that a notice of removal must contain "a short and plain statement of the grounds for removal" echoes Federal Rule of Civil Procedure 8(a)(2)'s statement that an initial pleading must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 87 (citing

4

14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, & J. Steinman, Federal Practice and Procedure § 3733, pp. 639–641 (4th ed. 2009)). Looking to legislative history, the Court concluded that "Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the "pleading" requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *Id.* (quoting H.R. Rep. No. 100–889, p. 71 (1988)). In other words, just as an amount-in-controversy allegation in an initial state-court pleading will be accepted if made in good faith, so too will a similar "allegation" in a notice of removal.

*Dart* went on to explain, however, that if the defendant's allegation is "contested by the plaintiff or questioned by the court," *id.* at 87, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88 (referencing H.R. Rep. No. 112–10, p. 16 (2011)). This court has read that guidance as requiring both sides to submit proof before it will determine whether jurisdiction exists. No. 4:22-CV-00194-SDJ, Dkt. 18 at 1; *see also Moe v. GEICO Indem. Co.*, 73 F.4th 757, 763 (9th Cir. 2023) (remanding the case to the district court to "conduct the necessary proceedings . . . to determine whether [the defendant] can show by a preponderance of the evidence that the . . . amount-in-controversy requirement is satisfied"); *Statin v. Deutsche Bank Nat'l Tr. Co.*, 599 Fed. App'x 545, 548 (5th Cir. 2014) (same).

In its only precedential opinion besides *Durbois* addressing § 1446(c)(2), the Fifth Circuit relied on pre-*Dart* opinions to conclude that

> [a] removing defendant can meet its burden of demonstrating the amount in controversy by showing that the amount is facially apparent from the plaintiffs' pleadings alone, or by submitting summary-judgment-type evidence. The required demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks.

*Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015) (citations and quotation marks omitted); *see also Roppo v. Travelers Com. Ins. Co.*, 869 F.3d 568, 579–80 (7th Cir. 2017) (quoting

*Meridian Security Insurance Co. v. Sadowski*, a pre-*Dart* opinion stating that a "removing defendant" may "establish what the plaintiff stands to recover" by, among other things, "calculation from the complaint's allegations"; "reference to the plaintiff's informal estimates or settlement demands"; or "introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands," 441 F.3d 536, 541–42 (7th Cir. 2006)).

And without reference to either *Dart* or § 1446(c)(2), the Fifth Circuit's opinion in *Guijarro*, which postdated both of those authorities and involved a state-court petition that did not specify an amount in controversy, *see* No. 1:19-CV-00217 (S.D. Tex), Dkt. 1-1 at 12, stated that when the petition is silent, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. 39 F.4th at 314. Similar to *Robertson*, *Guijarro* explained that the defendant can "meet that burden in one of two ways: (1) by establishing that it is facially apparent that the claims are likely to exceed $75,000, or (2) by setting forth the facts in controversy that support a finding of the requisite amount." *Id.* (quotation marks omitted).

## DISCUSSION

### I.  The Defendants' Failure to Establish a Sufficient Amount in Controversy

Babalola has consistently stated that he "seeks monetary relief of $250,000 or less." Dkts. 5 at 1 (original state-court petition), 21 at 1 (first amended complaint), 32 at 1 (operative complaint). The notice of removal makes the contradictory assertions that Babalola "identified the amount in controversy to be $250,000 but not more than $1,000,000" and that the "amount in controversy is $250,000 or less." Dkt. 1 at 3. And the defendants' supplemental brief on jurisdiction in response to the court's order incorrectly asserts that Babalola sought "monetary relief in the amount of $250,000." Dkt. 46 at 1.

Because the defendants seek to invoke the court's jurisdiction, they bear the burden to establish that the amount in controversy exceeds $75,000. *Guijarro*, 39 F.4th at 314. They may do so by

demonstrating that a sufficient amount is facially apparent from Babalola's petition or by setting out facts in controversy that support a finding of the requisite amount. *Id.* They have done neither.

### A.  Not facially apparent from the complaint

"To ascertain whether [a sufficient amount in controversy] is facially apparent from the complaint, 'courts examine the nature of the injuries and damages alleged therein.'" *Thornton v. Racetrac Petrol. Inc.*, No. 3:13-CV-1658-P, 2013 WL 11330885, at *3 (N.D. Tex. Nov. 22, 2013) (quoting *Carmardelli v. Wal-Mart Stores, Inc.*, 545 F. Supp. 2d 595, 598 (W.D. Tex. 2008)). The court takes a "[c]ommon sense" approach when reviewing the complaint. *Guijarro*, 39 F.4th at 314. Allegations made "with little specificity" or that describe only "less severe physical injuries" will not suffice. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850–51 (5th Cir. 1999). But allegations of, for example, "damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and [the plaintiff's] temporary inability to do housework after the hospitalization," *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999), or "damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement" related to "injuries to [the plaintiff's] right wrist, left knee and patella, and upper and lower back," *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000), can establish that the amount in controversy exceeds the jurisdictional threshold.

Plaintiffs in Texas courts must request a discovery-control plan in their pleadings, which usually means pleading a range encompassing the damages claimed. *See* Tex. R. Civ. P. 190.1. In a case removed from a Texas court, the federal court may consider the damages range pled to decide whether the amount in controversy exceeds $75,000. *Cotton v. Kroger Tex. L.P.*, No. 4:19-CV-00730-ALM, 2019 WL 6878828, at *3 (E.D. Tex. Dec. 17, 2019). Babalola pled a range of $250,000 or less, Dkt. 5 at 1, which "does not make clear, on its face, that [the complaint] is seeking more than $75,000, only that it seeks less than $250,000." *Escareno v. Stylecraft Home Collection Inc.*, 731 F. Supp. 3d 738, 751 (N.D. Tex. 2024).

The original state-court petition alleges that Babalola was "traveling on Interstate Highway 35 when" Johnson "failed to control his speed and rear-ended" Babalola's vehicle. Dkt. 5 at 3. It further alleges that Babalola suffered "painful personal injuries and damage to" his vehicle. *Id.* The complaint says nothing more to describe the crash, the extent of damage to the vehicle, or the type or severity of Babalola's injuries.

Other courts have found that the sort of nonspecific allegations presented here do not make it facially apparent that the amount-in-controversy requirement has been satisfied. *See, e.g.*, *Harper v. Irving Club Acquisition Corp.*, No. 3:22-CV-01445-E, 2023 WL 5960758, at *4 (N.D. Tex. Sept. 13, 2023) (remanding the case because the state-court pleading did not seek a specific amount and lacked "details regarding the alleged injuries, or the type, extent, and cost of medical treatment incurred"); *Thornton*, 2013 WL 11330885, at *4 (concluding that "unspecified damages for physical impairment and past and future medical expenses, physical pain, and mental anguish resulting from a slip and fall on Defendant's premises" did not make the amount in controversy facially apparent). The same is true here. Because Babalola's state-court petition does not seek a specific amount and includes few details about his claimed damages, the court cannot conclude that it is facially apparent from the petition that Babalola seeks more than $75,000.

### B.  The defendants' failure to meet their evidentiary burden

Because it is not facially apparent that the amount in controversy exceeds § 1332(a)'s jurisdictional threshold, the defendants must establish a sufficient amount by a preponderance of the evidence. *Guijarro*, 39 F.4th at 314. The court may consider summary-judgment type evidence, such as interrogatory responses, *Robertson*, 814 F.3d at 241, or a pre-suit demand letter, *see Guijarro*, 39 F.4th at 314 n.3.

The defendants' supplemental brief attaches evidence showing that Babalola described his injuries as "[w]hiplash on neck, upper and lower back pain, right wrist & joints pain." Dkt. 46-2 at 13. That evidence also shows that Babalola claims $14,008.71 in past medical expenses, Dkt. 46-1 at 5, about $40,000 in lost wages, Dkt. 46-2 at 12, and about $6,000 in repair costs, *id.* at 13. It also shows that Babalola intended to supplement his discovery responses with additional medical bills

from three providers. Dkt. 46-1 at 5. That adds up to only $60,008.71 without the additional medical bills, and the defendants put on no evidence to suggest that those additional bills would push Babalola's claimed damages over the jurisdictional threshold.

In his supplemental brief, Babalola asserts that he incurred $16,585.00 in medical expenses and estimates that his future medical expenses will not exceed $10,000. Dkt. 45 at 2–3. But he attaches no evidence to support those amounts.

The defendants have not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. That means they cannot establish jurisdiction under § 1332(a).

## II. The Parties' Remaining Contentions

The parties make a couple of other points about jurisdiction. Neither changes the outcome.

Babalola argues that he is "willing to enter a binding stipulation or amended pleading limiting recovery" in order to obtain a remand. Dkt. 45 at 3. But at this point, his willingness to stipulate to an amount less than $75,000 is irrelevant. State-court plaintiffs may avoid removal by stipulating to damages less than the federal jurisdictional threshold in their initial pleadings, *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013); *accord Durbois*, 37 F.4th at 1060–61, but a post-removal stipulation reducing the amount in controversy does not divest the court of jurisdiction, *Gebbia*, 233 F.3d at 883.

The defendants argue that any remand would be "inherently unfair and prejudicial," Dkt. 46 at 3, and that Babalola has submitted to the court's jurisdiction by failing to move for remand, *id.* at 2. But "subject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). And "[w]ithout jurisdiction the court cannot proceed at all." *Ex parte McCardle*, 74 U.S. 506, 514 (1868).

## CONCLUSION

It is **ORDERED** that the case is **REMANDED** to the County Court at Law No. 2 of Denton County, Texas.

So **ORDERED** and **SIGNED** this 10th day of July, 2025.

_____
Bill Davis
United States Magistrate Judge